**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE**<br>MDD_SAGchambers@mdd.uscourts.gov | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780** |

October 26, 2020

<u>LETTER MEMORANDUM</u>

Michael Speed #52943-037
Federal Correctional Complex-Allenwood-Medium
P.O. Box 2000
White Deer, PA 17887

Jonathan S. Tsuei, Esq.
Special Assistant United States Attorney
Office of the U.S. Attorney
6406 Ivy Lane Suite 800
Greenbelt, MD 20770

      Re:  <u>U.S.A. v. Michael Speed</u>,
           Criminal Case No. SAG-10-0700;
           Civil Case No. SAG-19-3070

Dear Mr. Speed and Counsel:

      On October 22, 2019, Michael Speed filed a motion, pursuant to 28 U.S.C. § 2255, seeking resentencing in light of the Supreme Court's ruling in *United States v. Davis*, 588 U.S. ___, 139 S.Ct. 2319 (2019). Speed was convicted of and sentenced for a violation of 18 U.S.C. § 924(c), specifically "possession of a firearm in furtherance of a drug trafficking crime." ECF 94. That statute also prohibits using or carrying a firearm "during and in relation to," or possession of a firearm "in furtherance of," any federal "crime of violence." 18 U.S.C. § 924(c)(1)(A). It contains separate definitions of "crime of violence," in § 924(c)(3), and "drug trafficking crime" in § 924(c)(2). One of the two clauses in § 924(c)(3), supplying the definitions of "crime of violence," is commonly referred to as the "residual clause."

      In *Davis*, the Supreme Court found the residual clause to be unconstitutionally vague. *Id.* at 2336. The ruling in *Davis* did not impact the definition of a drug trafficking crime contained in § 924(c)(2). Because Speed's § 924(c) conviction was predicated on a drug trafficking crime, and not a crime of violence, it was not impacted by *Davis*, and Speed is not entitled to relief.

      A petitioner is only allowed to appeal the lower court's decision if a certificate of appealability ("COA") is issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

<u>U.S.A. v. Michael Speed</u>
Criminal Case No. SAG-10-0700
Civil Case No. SAG-19-3070
October 26, 2020
Page 2

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted). Speed has not made a substantial showing of the denial of his constitutional rights. Therefore, this Court will not issue a COA.  However, the denial of a COA does not preclude Speed from seeking a COA from the Fourth Circuit.

      For the reasons described above, Speed's Motion to Vacate under 28 U.S.C. § 2255, ECF 131, is denied.  An Order follows, consistent with this Memorandum.

                        Sincerely yours,

                        /s/

                        Stephanie A. Gallagher
                        United States District Judge